UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL CLOER, et al.,

    Plaintiffs,

v.

UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION, et al.,

    Defendants.

CASE NO. C05-1526JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(c) and Fed. R. Civ. Pro. 4(m) from Defendants Bradford Lago and Wendy Thompson (Dkt. # 18), and on a motion to amend pursuant to Fed. R. Civ. Pro. 15 from Plaintiffs Paul and Pamela Cloer (Dkt. # 22). For the reasons stated below, the court GRANTS Defendants' motion for judgment on the pleadings. The court STRIKES as moot in part and DENIES without prejudice in part Plaintiffs' motion to amend.

## II. BACKGROUND

Plaintiffs Paul and Pamela Cloer allege that Defendants discriminated against them in violation of 42 U.S.C. § 2000e, *et. seq.*, ("Title VII") and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.180. Mr. and Mrs. Cloer previously worked for Defendant United Food and Commercial Workers International Union ("UFCW") in

ORDER – 1

Bellevue, Washington where Defendant Geralyn Lutty, Region Director, supervised them.[1]  Defendant Cynthia Bell is Lutty's Executive Assistant.  Defendant Wendy Thompson (also known as Wendy Lago) previously worked as Ms. Lutty's secretary. Mr. Cloer Compl. ¶ 7; Mrs. Cloer Compl. ¶ 7.[2]

Ms. Thompson's husband, Defendant Bradford Lago, has never worked at UFCW. According to Mr. and Mrs. Cloer, Mr. Lago has harassed them for several years because of his fixation with Mrs. Cloer.  Pls.' Mot. to Amend at 1.  Mr. Lago's persistent harassment allegedly includes threats of injury and death, untold phone calls, stalking, vandalism, and other intimidating behavior.  Id. at 2.  Mr. and Mrs. Cloer obtained restraining orders against Mr. Lago.  Id.  Mr. and Mrs. Cloer do not allege that Mr. Lago's harassment occurred at the workplace.

As to Ms. Thompson, it appears that she released the Cloers' home address and telephone number to Mr. Lago.  Mr. Cloer Compl. ¶ 10; Mrs. Cloer Compl. ¶ 10.  Ms. Thompson's "feeding" of information to her spouse allegedly "sabotaged" the Cloers' restraining orders against Mr. Lago.  Pls.' Mot. to Amend at 2.  Seemingly, this release of contact information is the Cloers' sole factual contention against Ms. Thompson.

### III. ANALYSIS

**A. The Court Grants Summary Judgment on the Pleadings Because Thompson and Lago are Improper Defendants.**

In considering a Rule 12(c) motion, the court must accept all material allegations of the nonmoving party as true and construe the pleadings in the light most favorable to the nonmoving party.  Doyle v. Raley's, Inc., 158 F.3d 1012, 1014 (9th Cir. 1998).  The

---

[1] While the respective dates of Mr. and Mrs. Cloer's employment are unclear, it appears that Mrs. Cloer has not worked for UFCW since January 17, 2005.

[2] Plaintiffs Mr. and Mrs. Cloer initially filed two separate complaints against UFCW, et al. This court consolidated those cases on December 28, 2005 (Dkt. # 12).

ORDER – 2

court will grant a Rule 12(c) motion if the pleadings demonstrate that the moving party is entitled to judgment as a matter of law. Fajardo v. County of Los Angles, 179 F.3d 698, 699 (9th Cir. 1999). Judgment on the pleadings is warranted only where it appears beyond doubt that the plaintiff will be unable to prove any facts to support the alleged claims for relief. Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002).

### 1. Plaintiffs Fail to Establish a Claim under Title VII as to Defendants Thompson and Lago.

Title VII proscribes employers from engaging in discriminatory employment practices. See 42 U.S.C.A. § 2000e-2. There is no personal or individual liability for employees under Title VII. Pink v. Modoc Indian Health Project, Inc. 157 F.3d 1185, 1189 (9th Cir. 1998) (citing Miller v. Maxwell's Int'l, Inc., 991 F.2d 583, 587-88 (9th Cir. 1993) (dismissing Title VII claims brought against individual employees)). Rather, Congress intended to assess liability for employment discrimination only against the employer. Pink, 157 F.3d at 1189.

Mr. and Mrs. Cloer concede that there is no individual liability against Ms. Thompson and Mr. Lago. Pls.' Opp'n. at 6. Instead, Plaintiffs contend that Defendants are liable in their official capacity as "agents" of UFCW. Id.

As a threshold matter, Mr. Lago cannot be named in an official capacity because he holds no position at UFCW. As to the agency theory of liabilty, it does not appear that UFCW exerts any supervisory authority over Lago, who has *never* been an employee. The court is not aware of, nor do Mr. and Mrs. Cloer cite, any authority for the proposition that Title VII subjects a non-employee spouse of an employee to liability. See 42 U.S.C.A. § 2000e-2 ("It shall be an unlawful *employment* practice for an *employer* . . .") (emphasis added).

Suits against employees in their official capacities, if viable, are limited to those involving injunctive relief. The Ninth Circuit has "consistently held that Title VII does

ORDER – 3

not provide a cause of action for damages against supervisors or fellow employees." Holly v. California Institute of Technology, 339 F.3d 1158, 1179 (9th Cir. 2003); Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998) ("[C]ivil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee.") (citing Miller, 991 F.2d at 587-88); Padway v.Palches, 665 F.2d 965, 968 (9th Cir., 1982) ([I]ndividual employees cannot be held liable for back pay.").

Mr. and Mrs. Cloer argue that they seek injunctive relief against Ms. Thompson. Their sole factual allegation against Ms. Thompson is that she leaked their personal contact information to Mr. Lago. On these facts, injunctive relief is not available against Ms. Thompson because the Cloers fail to assert a continuing harm. Indeed, it appears that Ms. Thompson is no longer employed at UFCW. Mr. Cloer Compl. ¶ 10. Whether she is named in her personal or professional capacity, Ms. Thompson is an improper defendant under Title VII.

For the foregoing reasons, the court GRANTS Defendants' motion to dismiss Title VII claims against Ms. Thompson and Mr. Lago with prejudice.

### 2. Plaintiffs Fail to Allege a Claim under the Washington Law Against Discrimination as to Defendants Ms. Thompson and Mr. Lago.

The Washington Law Against Discrimination ("WLAD") prohibits discriminatory employment actions by employers. RCW 49.60.180. The statute defines "employer" as "any person acting in the interest of an employer, directly or indirectly . . ." RCW 49.60.040(3). The court in Brown v. Scott Paper Worldwide Co., 20 P.3d 921, 926 (Wash. 2001), interpreted this language to mean that managers or supervisors can be held personally liable if they were acting in the "interest of an employer." Supervisors or managers include those persons with the ability to influence employment, for instance, by affecting compensation or other terms or conditions. Jenkins v. Palmer, 66 P.3d 1119,

ORDER – 4

1121 (Wash. 2003) (dismissing sexual harassment and discrimination claims under the WLAD brought against a coworker).

Mr. and Mrs. Cloer allege that Ms. Thompson is a secretary who "acted in her own personal capacity and as an agent for the other named defendants." Mr. Cloer Compl. ¶ 7; Mrs. Cloer Compl. ¶ 7. Mr. and Mrs. Cloer do not contend that Ms. Thompson acted as a manager or supervisor. Nor do Mr. and Mrs. Cloer allege that Ms. Thompson had the ability to influence the terms of their employment. To the contrary, the extent of Ms. Thompson's actions as they bear on this case appear to be that she leaked the Cloers' personal contact information to her spouse, Mr. Lago. As to Mr. Lago, it is undisputed that he was never employed by UFCW. Plaintiffs' sole contention is that Lago acted "in his own personal capacity and in concert with other named defendants." Id. Assuming these facts are true, they do not support a case under the WLAD.

The court GRANTS Defendants' motion to dismiss WLAD claims against Ms. Thompson and Mr. Lago with prejudice.

**B.  The Court Denies Without Prejudice in Part and Strikes as Moot in Part Plaintiffs' Motion to Amend.**

Plaintiffs request leave to amend under Fed. R. Civ. Pro. 15 to "further clarify" their state and federal discrimination claims, as well as include state claims against Ms. Lago and Mr. Thompson of "Harassment, Intentional Infliction of Emotional Distress, Interference with a Business Relationship and Negligence" (Dkt. # 22). Mr. and Mrs. Cloer did not file a proposed amended complaint.

Mr. and Mrs. Cloer fail to identify the "clarification" they intend to make. If Plaintiffs intend to amend their complaint against remaining Defendants, they should provide this court with sufficient information to rule on a motion to amend their employment discrimination claims. At this time, the court DENIES without prejudice Mr. and Mrs. Cloer's motion to amend for ostensible clarification purposes.

ORDER – 5

Regarding Mr. and Mrs. Cloer's intention to add state law claims against Mr. Lago and Mr. Thompson, the court STRIKES the motion as moot. While such state claims may have merit, they do not appear sufficiently related to their employment discrimination claims to warrant this court's exercise of supplemental jurisdiction.

### IV.  CONCLUSION

The court GRANTS Defendants Ms. Thompson and Mr. Lago's motion for judgment on the pleadings. As such, the court need not reach Defendants' motion to dismiss on the basis of untimely service. The court STRIKES in part and DENIES in part Plaintiffs' motion to amend without prejudice. Following this order, Plaintiffs claims against Defendants UFCW, Ms. Lutty, and Ms. Bell remain pending.

Dated this 27th day of September, 2006.

JAMES L. ROBART
United States District Judge

ORDER – 6